## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES MARTIN,

        Petitioner,

        vs.                         No. 1:19-CV-00884-RB-KRS

MARIANNA VIGIL, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

James Martin, a prisoner at the Penitentiary of New Mexico, has filed a petition for habeas corpus under 28 U.S.C. § 2241 challenging the withholding of certain good-time credits to his sentence, also known as lump-sum meritorious deduction awards ("LSAs"), that he contends are due to him. (*See* Doc. 1). On March 4, 2020, Respondents filed an answer arguing that Martin's petition is "mixed" in that it presents both exhausted and unexhausted claims, and they ask that the Court either dismiss Martin's petition in its entirety or instruct Martin to "delete all but the one claim as to which state-court remedies have been exhausted." (Doc. 15). Martin, in turn, has filed a motion for partial dismissal asking that the Court dismiss without prejudice all purportedly unexhausted claims. (Doc. 16). On April 7, 2020, Martin also filed a motion for preliminary injunction seeking the immediate awarding of a five-month LSA. (Doc. 18).

On January 14, 2020, the Court referred this case to United States Magistrate Judge Kevin R. Sweazea to conduct any necessary hearings and to recommend an ultimate disposition. (*See* Doc. 9). Having considered the parties' submissions to date along with the available record, the undersigned RECOMMENDS that the Court: (1) DENY Martin's motion for a preliminary

injunction without prejudice; (2) GRANT Martin's motion for partial dismissal; and (3) ORDER

Respondents to file an amended answer responding to the merits of Martin's remaining claim.

# I.  BACKGROUND

## A.  FACTUAL BACKGROUND

On January 27, 2010, Martin pleaded no contest in New Mexico state court to three

counts of second-degree criminal sexual penetration, resulting in a term of 30 years of

imprisonment with 16 of those years suspended. (Ex. A).[1] The filings in this case thus far have

indicated that Martin is confined at the Penitentiary of New Mexico. (Doc. 1 at 2).[2]

The parties assert that prisoners incarcerated by the New Mexico Department of

Corrections ("NMDOC") may receive LSAs for certain conduct, including "certain educational

achievements." (Doc. 15 at 2); (*see also, e.g.*, Doc. 1 at 12). In February 2013, Martin received

an associate's degree in general studies from Mesalands Community College (hereinafter

"Mesalands"). (Ex. H att. F). For completing this program, Martin received a four-month LSA.

(*See* Ex. H att. G).

In February 2014, Martin completed a bachelor's program in biblical counseling from

Christian Bible College and Seminary ("CBCS"). (*See* Ex. H att. L). Martin did not immediately

receive any LSA for completion of this program, in part because he had not yet received his

diploma. (*See* Ex. N at 3); (Ex. J at 9). In 2018, Martin received a five-month LSA for his

completion of this program. (*See* Ex. V att. 3); (Ex. X att. 2, at 2).

Meanwhile, in December 2014, Martin received a second associate's degree in business

administration/management of information systems from Mesalands. (Ex. H att. H). Although

---

[1] All exhibits are to Respondents' answer (Doc. 15).
[2] Whether this actually remains the case is unclear, as certain filings and records suggest otherwise. (*See, e.g.*, Ex. X att. 2, at 2); (Doc. 18 at 2). The question of Martin's current custodial status is the focus of an Order to Show Cause filed contemporaneously with these recommendations.

Martin sought another four-month LSA for completion of this program (Ex. H att. I), Respondents denied this request in 2016 on grounds that this program was "not substantially different" from Martin's first associate's degree program, noting in particular that "9 of 15 classes are the same" (Ex. J att. 1).

Martin alleges that he completed a two-year sex offender treatment program ("SOTP") in September 2017. (*See* Doc. 1 at 23). Martin further alleges that this program was approved for an LSA of three months' credit. (*See id.*). However, Martin claims that he was only awarded a one-month LSA and that Respondents' failure to award an additional two-month credit for this program amounted to a failure to follow NMDOC procedures. (*See id.* at 23-24). Respondents have not substantively addressed Martin's allegations on this point or submitted evidence relevant to this claim.

In April 2018, Martin completed a doctorate of theology program in Christian counseling from CBCS. (Ex. S att. C). Martin sought another five-month LSA on this basis (Ex. S att. A), but Respondents rejected this request in November 2018 on grounds that the degree program was "not an approved program for LSAs" (Ex. S att. F).

Martin alleges that he informed NMDOC of another prisoner's wrongful actions that he observed in April 2019. (*See* Doc. 1 at 26). Martin further alleges that an NMDOC official stated thereafter that he could expect to receive a two-month LSA "for his exceptional service to the Public and Department." (*See id.* at 26-27). However, Martin alleges that he did not receive any LSA for his efforts. (*See id.* at 27). Respondents have not substantively addressed Martin's allegations on this point or submitted evidence relevant to this claim.

On July 19, 2019, Respondents rescinded the five-month LSA associated with Martin's receipt of the bachelor's degree from CBCS on grounds that this award had been erroneously

granted. (*See* Ex. X at 1); (Ex. X atts. 1 & 2). Martin alleges that on that same date, he obtained a

third associate's degree from Mesalands. (Doc. 1 at 24); (*see also* Ex. NN at 2) (asserting that

Martin "finalized his third pre-approved degree" on July 19, 2019). Although the record contains

no evidence on this point, Martin states—and Respondents concede—that Martin's request for

an LSA for completion of this program was denied. (*See* Ex. NN); (*see also* Doc. 15 at 2).

### B.   STATE-COURT PROCEEDINGS

On July 2, 2015, Martin filed a pro se state-court petition for writ of habeas corpus

concerning the denial of his request for a four-month LSA for his second associate's degree and

the denial of his request for a five-month LSA for his bachelor's degree. (Ex. C). Martin filed an

amended petition through counsel on February 18, 2016. (Ex. H). The state court dismissed this

action, Cause No. D-1215-CV-2015-00413 (Twelfth Judicial District, Otero County), on January

20, 2017. (Ex. M). Martin moved through counsel for reconsideration (Ex. N), but the state court

denied this motion on June 21, 2017 (Ex. Q). Martin did not file a petition for writ of certiorari as

to this action. (*See* Ex. R).

On November 26, 2018, Martin filed a pro se state-court petition for writ of habeas

corpus concerning the rejection of his request for a five-month LSA for completing his doctorate.

(Ex. S). Martin filed an amended petition through counsel on March 25, 2019. (Ex. V). The state

court dismissed this action, Cause No. D-504-CV-2018-01311 (Fifth Judicial District, Chavez

County), on January 29, 2020. (Ex. Y). Martin immediately filed a pro se petition for writ of

certiorari to the New Mexico Supreme Court as to this action. (Ex. Z). The New Mexico

Supreme Court denied this petition on February 5, 2020. (Ex. Z(1)). Martin subsequently filed a

motion for reconsideration before the state trial court, but the court denied that motion on

February 25, 2020. (*See* Ex. AA at 2).

On July 31, 2019, Martin filed a pro se state-court petition for writ of habeas corpus concerning the recission of his five-month LSA relating to his bachelor's degree, the purportedly reduced LSA for completing the SOTP, and Respondent's alleged failure to provide an "exceptional service" LSA for informing on another prisoner's misconduct. (*See* Ex. CC). At the time that Respondents filed their answer to the present proceeding, this state-court action was still ongoing in Cause D-101-CV-2019-02087 (First Judicial District, Santa Fe County). (*See* Ex. MM).

On January 30, 2020—over four months after filing the petition in this action—Martin filed a pro se state-court petition for writ of habeas corpus, challenging the rejection of his request for a four-month LSA for his third associate's degree. (Ex. NN). This same petition also apparently challenges the rejection of Martin's request for an LSA relating to his second associate's degree, even though this issue was previously a subject of his July 2015 habeas petition. (*See id.*); (*cf.* Ex. C). At the time that Respondents filed their answer to the present proceeding, this state-court action was still ongoing in Cause D-101-CV-2020-00325 (First Judicial District, Santa Fe County). (*See* Ex. OO).

### C. PROCEDURAL BACKGROUND

Martin filed his pro se petition in this federal proceeding on September 23, 2019. (Doc. 1). Styled as a "complaint" asserting claims under 42 U.S.C. § 1983, Martin's petition addresses the withholding of, recission of, or reduction of LSAs relating to Martin's second and third associate's degrees, his bachelor's degree, his doctorate, his completion of the SOTP, and his informing on another prisoner's misconduct. (*See id.*). On January 9, 2020, the Court construed Martin's complaint as seeking habeas relief pursuant to 28 U.S.C. § 2241, substituted Respondents for the originally named "Defendants," and directed Respondents to file an answer

and to submit all relevant prison records and state-court filings. (*See* Doc. 8). On January 14, 2020, the Court entered an Order referring this case to the undersigned to recommend a disposition. (Doc. 9).

Respondents filed their answer on March 4, 2020. (Doc. 15). In their answer, Respondents contend that Martin's petition is "mixed" in that, while he has properly exhausted the issue of an LSA for his doctoral degree, he did not timely seek a writ of certiorari in Cause D-1215-CV-2015-00413 (concerning his second associate's degree and bachelor's degree) and has not fully litigated the state-court actions addressing his remaining claims. (*See id.* at 6-8). Respondents' answer raises no other arguments concerning Martin's petition. (*See id.* at 6-9).

On March 18, 2020, Martin filed a motion styled as a "stipulated motion for partial dismissal." (Doc. 16). In his motion, Martin contends that he had good cause for his failure to exhaust certain claims, but he nevertheless asks that the Court "dismiss without prejudice all claims except the doctoral degree 5-months LSA." (*See id.*). Despite the title of Martin's filing, the motion does not indicate that Respondents have agreed to Martin's request, and Respondents have not filed a response brief.

Three weeks later, Martin filed a motion for preliminary injunction asking the Court to direct respondents to "apply the 5-months of good-time LSA [that he contends should be associated with his doctorate program] to his record." (Doc. 18). On April 17, 2020, Respondents filed a response brief arguing that Martin is seeking "to do by motion what he likely will be prevented from doing under the statute itself" and that a grant of his motion "would frustrate the purposes of the AEDPA." (Doc. 20).

## II.  DISCUSSION

### A.  UNEXHAUSTED CLAIMS AND MARTIN'S MOTION TO DISMISS

A prisoner may challenge the execution of his sentence, including a "deprivation of good-time credits," via a petition under 28 U.S.C. § 2241. *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). Although the statute itself does not require it, the Tenth Circuit recognizes the general rule that "a petitioner under § 2241 must exhaust available state remedies." *Dulworth v. Evans*, 442 F.3d 1265, 1268-69 (10th Cir. 2006); *see also, e.g.*, *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (recognizing that exhaustion requirement applies equally to habeas petitions under § 2241 and those under 28 U.S.C. § 2254); *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) (quotation omitted) ("[F]ederal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."). "An applicant for relief under § 2241 has the burden of showing that he has exhausted available state remedies." *Medina v. Williams*, 823 F. App'x 674, 676 (10th Cir. 2020) (unpublished) (citing, *e.g.*, *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992)).

One exhaustion requirement for § 2241 petitions is that "a state prisoner must normally exhaust available state *judicial* remedies before a federal court will entertain his petition for habeas corpus." *Woods v. Arellano*, 381 F. App'x 873, 875 (10th Cir. 2010) (unpublished) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)) (emphasis added); *see also, e.g.*, *Castille v. Peoples*, 489 F.3d 346, 351 (1989) (noting that exhaustion requirement is satisfied upon fair presentation of federal claims to state courts). Put another way, "[t]he exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court," even if that

court "exercises discretion not to review the case." *Dever v. Kan. State. Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted); *see also, e.g.*, *Peters v. Heredia*, 335 F. App'x 788, 790 (10th Cir. 2009) (unpublished) (citing *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999)) ("[A] state prisoner does not fully exhaust state remedies without timely seeking certiorari review with the state supreme court."). To have been properly or "'fairly presented' to the state court[,] . . . the substance of the claim must [have been] raised in state court" such that the court had "a fair opportunity to apply controlling legal principles to the facts bearing upon" the claim. *Zuniga v. Falk*, 618 F. App'x 407, 410-11 (10th Cir. 2015) (unpublished) (quoting *Wilson v. Workman*, 577 F.3d 1284, 1294 (10th Cir. 2009) (en banc)).

"The general rules for handling habeas petitions containing a mix of exhausted and unexhausted claims are well settled." *Gray v. Gray*, 645 F. App'x 624, 625 (10th Cir. 2016) (unpublished). When such a "mixed" petition is presented, the Court may choose one of four options:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quotation and internal citations omitted); *see also Gray*, 645 F. App'x at 625-26 (citations omitted). "The one thing the district court may not do is effect a hybrid disposition of the petition, dismissing with prejudice all exhausted claims and dismissing without prejudice the unexhausted claims." *Gray*, 645 F. App'x at 626 (citing *Moore v. Schoeman*, 288 F.3d 1231, 1235-36 (10th Cir. 2002)).

Here, Respondents argue that all but one of Martin's claims—specifically, all claims except Count V, pertaining to his request for a five-month LSA for earning his doctorate (*see* Doc. 1 at 25-26)—are unexhausted. (*See* Doc. 15 at 6-9). Whether or not this is the case is a

question the Court need not resolve at this time: in his reply to Respondent's arguments, Martin appears to concede that those claims have not been judicially exhausted, and he has voluntarily requested that the Court dismiss those claims without prejudice and allow him to proceed with the claim presented in Count V. (*See* Doc. 16 at 1-2). Respondents, having failed to timely respond to Martin's motion to dismiss, have effectively consented to the relief he requests therein. *See* D.N.M.LR-Civ. 7.1(b).

Based on the foregoing, the undersigned recommends that the Court **grant** Martin's motion (Doc. 16) and dismiss without prejudice all of Martin's claims except that concerning his doctorate-related LSA request as asserted in Count V. The undersigned further recommends that the Court thereafter direct Respondents to file an amended answer responding to the merits of Martin's remaining claim. *See, e.g.*, *Boyett v. Smith*, No. 2:17-cv-374 KG/CG (D.N.M. Nov. 15, 2017), ECF No. 21 (requiring respondents to amend answer following petitioner's voluntary dismissal of unexhausted claims).

The undersigned cautions that if Martin is permitted to delete the aforementioned claims from his petition as he has requested, those claims will be deemed abandoned, and any subsequent petition concerning those claims will be considered a second or successive petition under 18 U.S.C. § 2244(b)(2), with all of the attendant barriers to reasserting such claims in the future. *See, e.g.*, *Tapia v. Lamaster*, 172 F.3d 1193, 1195-96 (10th Cir. 1999). As such, **if Martin wishes to withdraw his motion to dismiss before the Court considers this PFRD, he should state as much in a notice filed within the requisite fourteen-day period for objections discussed below.** *See* 28 U.S.C. § 636(b)(1). However, if Martin does withdraw his motion to dismiss and the undersigned subsequently concludes that his petition contains both exhausted

and unexhausted claims, the undersigned will recommend dismissal of the entire petition without prejudice. *See Fairchild*, 579 F.3d at 1156.

## B.  MOTION FOR PRELIMINARY INJUNCTION

Martin requests that the Court preliminarily grant him some of the relief that he ultimately seeks to obtain from this action: an order "requiring Respondents to apply the 5-months of good-time LSA to his record" due to his acquisition of a doctoral degree. (*See* Doc. 18). "A preliminary injunction is an 'extraordinary and drastic remedy'; it is never awarded as of right." *Munaf v. Green*, 553 U.S. 674, 689-90 (2008). Rather, the party seeking preliminary relief must demonstrate "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." *E.g.*, *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

A movant's right to a preliminary injunction "must be clear and unequivocal" for the motion to be granted. *See Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008). And in cases such as this one, where a preliminary injunction seeks mandatory rather than prohibitory relief and/or would award the petitioner "all the relief that [he] could recover at the conclusion of a full trial on the merits"—two categories of "historically disfavored" injunctions—"the movant must satisfy a heightened burden" of showing "that the exigencies of the case support" his motion. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc).

At present, Respondents argue (Doc. 15)—and Martin appears to concede (*see* Doc. 16)—that Martin's petition is a "mixed" petition containing both exhausted and unexhausted claims. If true, this means that Martin's petition as a whole is currently subject to dismissal. *See*

*Fairchild*, 579 F.3d at 1156. For this reason alone, until such time as the Court grants Martin's partial motion to dismiss and orders dismissal of his purportedly unexhausted claims, Martin cannot show that he is likely to succeed on the merits of his claims or that the exigencies of the case support his motion.

More broadly, Martin should not be permitted to "avoid the prerequisites to obtaining habeas corpus relief in federal court," such as the exhaustion requirement, by simply pursuing his desired relief via a preliminary injunction. *Cf. Joyner v. Fed. Bureau of Prisons*, No. 09-3251-RDR, 2009 WL 5215330, at *2 (D. Kan. Dec. 28, 2009) (denying preliminary injunction in habeas case where petitioner "ha[d] not shown full exhaustion of all available prison administrative remedies"). After all, the exhaustion requirement is intended to "offer the state courts 'a fair opportunity to apply controlling legal principles to the facts bearing upon [a] constitutional claim,'" *Wilson*, 577 F.3d at 1294 (quotation quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)), a purpose that would be subverted if Martin could pursue relief via a preliminary injunction premised on a petition containing unexhausted claims, *cf. Joyner*, 2009 WL 5215330, at *2 (observing, in denying motion for preliminary injunction, that use of administrative grievance procedure before seeking habeas relief "is necessary for the development of a factual record, to permit the application of corrections expertise to the claims of the prisoner, and to possibly resolve the claim which would limit or eliminate the [federal] Court's interference in the operation of the institution").

For these reasons, the undersigned recommends that the Court **deny** Martin's motion for preliminary injunction without prejudice. In the event that the Court allows Martin to delete his purportedly unexhausted claims and proceed with the sole remaining claim, Martin may be permitted to renew his motion.

## III.  CONCLUSION

**IT IS, THEREFORE, RECOMMENDED** that the Court:

1)      DENY Martin's motion for preliminary injunction without prejudice (Doc. 18);

2)      GRANT Martin's motion for partial dismissal (Doc. 16) and, with the exception

of the claim presented in Count V concerning the rejection of his request for a five-month LSA

for completing his doctoral degree, DISMISS all of Martin's claims without prejudice; and

3)      ORDER Respondents to file an amended answer responding to the merits of

Martin's remaining claim.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension of time must be filed in writing no later than seven (7) days from the date of this filing. A party must file any objections with the Clerk of the District Court within the fourteen (14) day period, together with any period for which an order is entered granting an extension of time, if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____

**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**