IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES MARTIN,

    Petitioner,

vs.                                                         No. 1:19-CV-00884-RB-KRS

MARIANNA VIGIL, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER TO SHOW CAUSE

James Martin, a prisoner at the Penitentiary of New Mexico, has filed a petition for habeas corpus challenging the execution of his sentence pursuant to 28 U.S.C. § 2241. (*See* Doc. 1). On March 4, 2020, Respondents filed an answer to Martin's petition. (Doc. 15). Martin subsequently filed a motion for dismissal of certain claims. (Doc. 16). On April 7, 2020, Martin filed a motion for preliminary injunction seeking an award of five months' credit towards his sentence of incarceration. (Doc. 18). Contemporaneously with this Order, the undersigned has filed Proposed Findings and a Recommended Disposition concerning Martin's pending motion to dismiss and his pending motion for preliminary injunction.

However, both the parties' filings and outside materials indicate that Martin may no longer be incarcerated. A "good time figuring sheet" attached to a July 2019 state-court filing by Respondents states that Martin was scheduled to be discharged from incarceration no later than January 14, 2021. (See Doc. 15 Ex. X att. 2, at 2). In Martin's own April 2020 motion for preliminary injunction, Martin calculated that an immediate award of five months of additional credit towards his incarceration "would reduce his release date to May 25, 2020," which suggests that Martin was scheduled to be released sometime around November 1, 2020. (Doc. 18 at 2).

The undersigned also takes judicial notice that a review of the official New Mexico Corrections Department "offender search" website indicates that the "supervision status" for James Martin, N.M.C.D. Number 71314, is listed as "probation/parole" rather than "inmate." *See* New Mexico Corrections Department, *Offender Search*, https://cd.nm.gov/offender-search/ (last visited January 28, 2021); (*see also* Doc. 1 at 2) (indicating Martin's N.M.C.D. number).

Under Article III of the United States Constitution, federal courts are only empowered to adjudicate live controversies. *See, e.g.*, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez*, 558 U.S. 92 (noting that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed"). A case becomes moot if, during the pendency of the action, an event occurs that makes it "impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *see also, e.g.*, *Green v. Haskell Cnty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) (quotation omitted) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.").

A federal prisoner may challenge the execution of his sentence, as Martin has done, via a petition brought under 28 U.S.C. § 2241. *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, a federal court may only issue a writ of habeas corpus on this basis when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If a prisoner seeking recalculation of his release date under § 2241 is released from custody before his petition is resolved, "the best [a] court could do

for him would be to declare [in an advisory opinion] that he spent longer in prison than he should have." *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012). Because such a prisoner no longer has an injury that is redressable by the relief that he seeks, his circumstances are not enough to present a live controversy under Article III. *See, e.g.*, *id.*; *see also Crawford v. Booker*, 229 F.3d 1162, 2000 WL 1179782, at *2 (10th Cir. 2000) (unpublished table decision) (holding that a court adjudicating a § 2241 petition seeking additional good-time credits, filed by an inmate who is subsequently released, may not apply such credit so as to shorten the length of his supervised release period); *Rhodes*, 676 F.3d. at 933-34 (citing, *e.g.*, *United States v. Johnson*, 529 U.S. 53, 59-60 (2000)) (noting that precedent "clearly prohibits habeas courts . . . from modifying a supervised release term to make up for a too-long prison sentence").

Because Martin has apparently been released from incarceration, his § 2241 petition concerning the execution of his sentence appears to be moot. *See, e.g.*, *Arauz v. Farley*, No. CIV-18-1011-R, 2019 WL 458490, at *1-2 (W.D. Okla. Jan. 8, 2019), *R&R adopted*, 2019 WL 458406 (W.D. Okla. Feb. 5, 2019) (dismissing § 2241 petition concerning alleged miscalculation of time credited to incarceration period, where petitioner had been released prior to resolution); *Miller v. Garcia*, No. 12-cv-433 JB/WPL, 2012 WL 13076564, at *6 (D.N.M. Sept. 11, 2012) (citing, *e.g.*, *Rhodes*, 676 F.3d at 935), *R&R adopted*, 2012 WL 13076300 (D.N.M. Sept. 29, 2012) (dismissing § 2241 claim regarding calculation of sentence as moot upon prisoner's release from custody); *Fields v. Wiley*, Civ. No. 07-cv-02178-LTB-KMT, 2009 WL 1065863, at *2-4 (D. Colo. Apr. 20, 2009) (dismissing as moot § 2241 action where petitioner was released from prison and petition only sought restoration of forfeited good-time credit). Martin will therefore be required to show cause why this case should not be dismissed.

IT IS THEREFORE ORDERED that, within fourteen days from entry of this Order, Martin file a response showing cause why his petition should not be dismissed as moot. Martin is advised that failure to respond in a timely fashion may result in dismissal without further notice.

**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**