**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAMES MARTIN,

        Petitioner,

    vs.                                   No. 1:19-CV-00884-RB-KRS

MARIANNA VIGIL, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

        Respondents.

**<u>AMENDED ORDER</u>**[1]

THIS MATTER is before the Court on the petition for habeas corpus filed by James Martin, a prisoner at the Penitentiary of New Mexico (Doc. 1); the answer filed by Respondents on March 4, 2020 (Doc. 15); the motion for partial dismissal filed by Mr. Martin on March 18, 2020 (Doc. 16); the motion for preliminary injunction filed by Mr. Martin on April 7, 2020 (Doc. 18); the Proposed Findings and Recommended Disposition ("PFRD") entered in this action by United States Magistrate Judge Kevin R. Sweazea on January 28, 2021 (Doc. 22); and the Order to Show Cause entered by Judge Sweazea on January 28, 2021 (Doc. 23). Pursuant to the Order granting Mr. Martin's motion for an extension of time (Doc. 25), the parties' objections to the Magistrate Judge's PFRD and Mr. Martin's response to the Order to Show Cause were due on March 29, 2021. (*See* Doc. 29.)

To date, Respondents have not filed objections to the PFRD. On March 31, 2021, the Court received a document from Mr. Martin captioned "Objection to Magistrate Judge Sweazea's Recommendation." (Doc. 32.) Because this document does not address the matters discussed in

---

[1] The Court enters this Amended Order, as Mr. Martin's objections were filed after the Court entered its original Order and Judgment. (*See* Docs. 30–32.)

the PFRD (*i.e.*, Mr. Martin's motions for partial dismissal and for preliminary injunction), but instead substantively addresses the mootness concerns raised in the Order to Show Cause, the Court construes the filing as a response to the Order to Show Cause.

## I.       PENDING MOTIONS AND THE MAGISTRATE JUDGE'S PFRD

As detailed in the PFRD, Judge Sweazea recommended that the Court deny Mr. Martin's motion for preliminary injunction (Doc. 18) without prejudice; grant Mr. Martin's motion for partial dismissal (Doc. 16); dismiss all of Mr. Martin's claims without prejudice except for the claim presented in Court V concerning Respondents' alleged rejection of his request for a five-month lump-sum meritorious deduction award ("LSA") for earning a doctoral degree; and order Respondents to file an amended answer responding to the merits of the remaining claim. Mr. Martin's purported objection (Doc. 32) is more appropriately construed as a response to the Order to Show Cause, rather than as an objection to the PFRD under 28 U.S.C. § 636(b)(1). To the extent that the filing is intended to present objections to the PFRD, those objections are overruled.

Having reviewed the record, the Court determines that it will **ADOPT IN PART** the Magistrate Judge's PFRD. Because the claim presented by Mr. Martin in Count V is due to be dismissed as moot for the reasons discussed in the following section, the Court rejects Judge Sweazea's PFRD to the extent that he recommends that Respondents be ordered to file an amended answer responding to the merits of that claim. In all other respects, Judge Sweazea's proposed findings and recommendations are hereby adopted in full. Accordingly, Mr. Martin's motion for preliminary injunction (Doc. 18) is **DENIED**; Mr. Martin's motion for partial dismissal (Doc. 16) is **GRANTED**; and, with the exception of the aforementioned claim presented in Count V, all of Mr. Martin's claims are **DISMISSED WITHOUT PREJUDICE**.

## II.    MOOTNESS

Observing that Mr. Martin appeared to have been released from incarceration, Judge Sweazea's Order to Show Cause directed him to show cause within 14 days why his petition should not be dismissed as moot. (Doc. 23.) Judge Sweazea advised Mr. Martin that his petition could be dismissed without further notice if he failed to file a timely response to the Order to Show Cause. (*See id.*) At Mr. Martin's request (Doc. 25), Judge Sweazea extended the deadline to show cause to March 29, 2021 (Doc. 29). Mr. Martin's response to Judge Sweazea's order, which is postmarked March 29, 2021, was not received by the Court until March 31, 2021. Although Mr. Martin's objections are therefore arguably untimely,[2] the Court construes them as having been timely received under the circumstances. Nonetheless, having reviewed the parties' filings and the relevant law, the Court concludes that the remaining habeas claim under 28 U.S.C. § 2241 is due to be dismissed as moot.

Under Article III of the United States Constitution, federal courts are only empowered to adjudicate live controversies. *See, e.g.*, *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted); *see also Alvarez*, 558 U.S. at 92 (noting that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed") (quotation omitted). A case becomes moot if, during the pendency of the action, an event occurs that makes it "impossible for the court to grant any effectual relief whatever to a prevailing party . . . ." *Church*

---

[2] Because Judge Sweazea specified a date certain for the filing of Mr. Martin's response, the "extra-three-day rule" for mailings required by Federal Rule of Civil Procedure 6(d) does not apply here. *See, e.g.*, *Gurule-Hendren v. Reno*, No. 98-cv-744 MV/RLP-ACE, 2001 WL 37124972, at *2 n.2 (D.N.M. May 8, 2001). Moreover, because he is no longer incarcerated, the prisoner mailbox rule, *see, e.g.*, *Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003), does not apply to his objections.

*of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quotation marks and citation omitted); *see also, e.g.*, *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 794 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.") (quotation omitted).

A federal prisoner may challenge the execution of his sentence via a petition brought under 28 U.S.C. § 2241. *See, e.g.*, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). However, as Judge Sweazea explained in his Order to Show Cause, the Court may only issue a writ of habeas corpus on this basis when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). If a prisoner seeking recalculation of his release date under § 2241 is released from custody before his petition is resolved, his alleged injury will no longer be redressable by the relief that he seeks, and his petition will no longer present a live controversy under Article III. *See, e.g.*, *Rhodes v. Judiscak*, 676 F.3d 931, 935 (10th Cir. 2012); *see also Crawford v. Booker*, 229 F.3d 1162, 2000 WL 1179782, at *2 (10th Cir. 2000) (holding that a court adjudicating a § 2241 petition seeking additional good-time credits, filed by an inmate who is subsequently released, may not apply such credit so as to shorten the length of his supervised release period).

Of principal importance here is the Tenth Circuit's decision in *Rhodes*, in which the incarcerated habeas petitioner raised a § 2241 challenge to the calculation of his prison sentence. *See Rhodes*, 676 F.3d at 932–33. Upon his release from prison, the petitioner attempted to address the district court's mootness concerns by arguing that the alleged miscalculation of his prison term deprived him of an earlier term of supervised release and that he was therefore entitled to a shorter supervised-release period. *See id.* at 933. Nevertheless, the Tenth Circuit affirmed the district court's conclusion that the case was moot, holding that the court

4

> c[ould] no longer issue a judgment that has a more-than-speculative chance of
> affecting [petitioner's] rights. We cannot modify his sentence now that it has been
> completed. And we are not allowed to give him a judicial make-up call by
> shortening his supervised release term. . . . [T]he best this court could do for him
> would be to declare that he spent longer in prison than he should have.

*See id.* at 935 (internal citation omitted). Since it was at best "entirely speculative" that such a declaration could redress the petitioner's injury in any way, and because the court lacked jurisdiction to shorten his term of supervised release in any event, the Tenth Circuit concluded that his habeas challenge could no longer proceed. *See id.* at 933, 935.

District courts within the Tenth Circuit have applied the same reasoning to conclude that when a prisoner brings a § 2241 habeas claim challenging the alleged failure to apply appropriate "credits" to his period of incarceration, such a claim is mooted upon the petitioner's release from prison. For instance, in *Miller v. Garcia*, the habeas petitioner's claim concerning the alleged failure to apply "preconfinement credit" and "probation served credit" to his sentence of imprisonment was mooted upon his release from prison and his placement on probation. *See* No. 12-cv-433 JB/WPL, 2012 WL 13076564, at *6 (D.N.M. Sept. 11, 2012), *PF&RD adopted*, 2012 WL 13076300 (Sept. 29, 2012). Similarly, the Western District of Oklahoma recently dismissed as moot a similar § 2241 action concerning an alleged failure to correctly credit pre-conviction time in custody toward the calculation of the petitioner's prison term, ruling that the petitioner had no redressable injury upon his release and that any post-incarceration ruling on his claim would amount to an impermissible "advisory opinion." *See Arauz v. Farley*, No. CIV-18-1011-R, 2019 WL 458490, at *1-2 (W.D. Okla. Jan. 8, 2019), *R&R adopted*, 2019 WL 458406 (W.D. Okla. Feb. 5, 2019); *see also, e.g.*, *Fields v. Wiley*, Civ. No. 07-cv-02178-LTB-KMT, 2009 WL 1065863, at *2-4 (D. Colo. Apr. 20, 2009) (dismissing as moot § 2241 action where petitioner was released from prison and petition only sought restoration of forfeited good-time credit).

In this action, Mr. Martin's remaining claim concerns the alleged denial of a five-month LSA that he contends was due to him as a result of his completion of a doctorate of theology program while incarcerated. (*See, e.g.*, Doc. 1 at 15, 25–26.) More specifically, Mr. Martin's petition seeks the application of an LSA to the calculation of *his term of imprisonment*. (*See id.*) However, Mr. Martin acknowledges that he was released from imprisonment on October 9, 2020, and that he is now on supervised parole. (*See, e.g.*, Doc. 25 at 3.) In his response to Judge Sweazea's Order to Show Cause and elsewhere, Mr. Martin points out that he is technically "still confined under the New Mexico Corrections Department." (Doc. 32 at 1; *see also* Doc. 25 at 2 (stressing that he remains "***subject to incarceration***" if he fails to comply with his parole terms).) As *Rhodes* makes clear, however, while these circumstances may be sufficient "to assert an actual injury" for mootness purposes, they are not enough to "assert[] a *redressable* collateral consequence" under § 2241 now that Mr. Martin is no longer incarcerated. *See Rhodes*, 676 F.3d at 933, 935; *cf., e.g.*, *Miller*, 2012 WL 13076564, at *6 & n.7 (holding that even though petitioner was on probation, he was "no longer incarcerated, which makes his claim regarding the computation of his time in prison moot"); *Fields*, 2009 WL 1065863, at *3–4 ("[E]ven if the Applicant were to prevail on this Application, his restored good conduct time would not be applied to his period of supervised release, and therefore does not provide a basis for a [redressable] collateral consequence.").

The apparent lack of redressability in this case is made even more clear by the plain language of the New Mexico statute upon which Mr. Martin relies. As his petition acknowledges (*see* Doc. 1 at 12), the LSA that Mr. Martin seeks arises under N.M.S.A. § 33-2-34(D), which provides that it is "[a] prisoner *confined in a correctional facility*" who is eligible for such education-related meritorious deductions. *See* N.M.S.A. § 33-2-34(D) (emphasis added). Granted,

parolees who have previously been incarcerated by the State of New Mexico are also generally eligible to earn meritorious deductions under some circumstances. *See* N.M.S.A. § 33-2-34(M); *see also New Mexico v. Ortiz*, 344 P.3d 1032, 1034–35 (N.M. Ct. App. 2014) (observing that § 33-2-34 "does permit award of earned meritorious deductions for . . . those released from confinement to serve parole terms"). But assuming *arguendo* that these two provisions could be construed together to *generally* permit parolees to earn education-related LSAs toward their term of parole, § 33-2-34(M) expressly excludes parolees who have been deemed "sex offenders" and who are serving a period of supervised parole under N.M.S.A. § 32-21-10.1 from being eligible to earn *any* such meritorious deductions towards that parole term. N.M.S.A. § 33-2-34(M). Mr. Martin is just such a parolee. (*See* Doc. 15 Ex. A at 4-6) (state court judgment declaring Mr. Martin to be a sex offender and sentencing him to post-incarceration period of supervised parole under § 31-21-10.1(A).)

Put simply, even if Mr. Martin's remaining claim were meritorious, the LSA that he seeks could only have operated to reduce his term of incarceration and not his term of supervised parole. *See* N.M.S.A. § 33-2-34(D), (M). Now that Mr. Martin is no longer incarcerated, any ruling by this Court on whether he *should have* received that LSA before being released from prison would be purely advisory in nature. *See, e.g.*, *Rhodes*, 676 F.3d at 933–35. And absent any other showing from Mr. Martin, the prospect that such an advisory ruling could somehow redress his alleged injury is "merely speculative." *See id.* at 935. Accordingly, Mr. Martin's § 2241 challenge to the execution of his sentence must be dismissed without prejudice as moot. *See id.*

## III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1)      Mr. Martin's objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 32) are **OVERRULED**;

2)      the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 22) are hereby **ADOPTED IN PART** as specified herein;

3)      Mr. Martin's motion for preliminary injunction (Doc. 18) is hereby **DENIED**;

4)      Mr. Martin's motion for partial dismissal (Doc. 16) is hereby **GRANTED** and, with the exception of the claim presented in Count V concerning the rejection of his request for a five-month LSA for completing his doctoral degree, all claims in this action are **DISMISSED WITHOUT PREJUDICE**; and

5)      Martin's sole remaining claim is **DISMISSED WITHOUT PREJUDICE** as **MOOT**.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE